Judge Gkaiiam
delivered the opinion of tho Court.
This action upon a joint and several bond executed by a guardian and his sureities, is brought against one only for an alleged failure of the guardian to discharge his duties as such. The ward being yet a minor, the action is prosecuted by Saymore Hopper, as his next friend. The defendant plead that Seymore Hopper, the next friend, is the same man who, by that name, is an obligor in the bond as one of the sureties of the guardian. The Court overruled the demurrer to this plea, and having rendered judgment in bar of plaintiff’s action, the case is brought to this Court. The only question, therefore, is whether the plafntiff’s action can be defeated by reason of the fact that the relator’s 'prochein amie, is also one of the sureties of the guardian? The suit, although in the name of the Commonwealth, and prosecuted by “a next friend,” is in truth for the sole and exclusive benefit of the ward; the judgment, if one he had, is for his benefit, and the money due from the guardian will be, when collected, his money. His next friend has no manner of interest in it. It is true he may be hound for the costs of the suit; but that fact cannot operate to the prejudice of the ward, nor can we perceive any reason why it should prevent him from acting as the next friend of the infant. As one of the co-securities he may, in certain contingencies, be liable to contribute to Kinnaird a portion of the sum the latter may be compelled to pay; but that will be a matter between themselves not at all affecting the ward, for he cannot have any interest in it.
It seems to us that, the plea presented no bar to the plaintiff’s action, and the demurrer ought to have been sustained.
Lush fy Harrison for plaintiff; J. 4* W. L. Harlan for defendant.
The judgment of the Circuit Court is, therefore reversed, and the cause remanded with directions to set aside the judgment and sustain the demurrer to the plea, and for other and further proceedings not inconsistent with this opinion.